UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Alston, Chafin and Senior Judge Haley

ROBINIQUE SCOTT CRUSE

                                        MEMORANDUM OPINION*

v.     Record No. 0643-17-4                          PER CURIAM
                                             JULY 18, 2017

ALEXANDRIA DEPARTMENT OF
  COMMUNITY AND HUMAN SERVICES

FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Nolan B. Dawkins, Judge

(Paula M. Potoczak, on briefs), for appellant. Appellant submitting
on briefs.

(Matthew W. Greene; James L. Banks, Jr.; Jill A Schaub; Greene
Law Group PLLC; Office of the City Attorney, on brief), for
appellee. Appellee submitting on brief.

(Isabel Kaldenbach, on brief), Guardian *ad litem* for the minor
children. Guardian *ad litem* submitting on brief.

Robinique Scott Cruse (mother) appeals the orders terminating her parental rights and

approving the goals of adoption to three of her children. Mother argues that the circuit court erred

in "finding, by clear and convincing evidence, that it was in the best interests of the children to

terminate the residual parental rights of [mother] to her 3 children . . . and to permit the goal of

adoption." Upon reviewing the record and briefs of the parties, we conclude that the circuit court

did not err. Accordingly, we affirm the decision of the circuit court.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

We view the evidence in the light most favorable to the prevailing party below and grant to it all reasonable inferences fairly deducible therefrom. See Logan v. Fairfax Cty. Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).

Mother and Orlando Cruse, Sr. (father) are the biological parents to four children, born in October 2012, December 2013, April 2015, and May 2016. Mother and father have a history of domestic violence and substance abuse. On November 8, 2013, prior to the births of the three youngest children who are the subject of this appeal, the City of Alexandria Juvenile and Domestic Relations District Court (the JDR court) terminated mother and father's parental rights to their oldest child pursuant to Code § 16.1-283(B), (C)(1), and (C)(2).[1]

In February 2016, mother filed for and obtained a preliminary protective order after an incident of domestic violence. Initially, mother went to a domestic violence shelter, where she stayed for less than forty-eight hours. Mother resumed living with father.

Subsequently, the JDR court entered another protective order that barred contact between father and the children. On April 7, 2016, the Alexandria Department of Community and Human Services (the Department) removed the children from the home because the social worker found the children at home alone with father. The social worker testified that the home smelled like marijuana and that the children were "either in diapers or naked." Both children appeared to have developmental problems. The two-year-old child could say just a few words, and the one-year-old child could not sit up without support. The Department placed the children in foster care.

The Department asked mother if she was pregnant. Initially, she denied being pregnant, but later admitted that she was pregnant. On April 7, 2016, mother would not provide the Department

---

[1] Both parties appealed the termination order to the circuit court, but neither parent appeared for the hearing. The circuit court dismissed their appeals.

with any information regarding her prenatal care and due date. However, on April 8, 2016, she told the Department that the baby was due in August and she was receiving prenatal care at the Casey Clinic. The Department learned that mother had lied. Despite her pregnancy being a high risk, mother did not meet with a worker at the Casey Clinic until May 16, 2016, and mother refused the prenatal services offered to her. The baby was due in June, but was born prematurely at the end of May. Two days after the baby was born, the Department removed the child and placed the child in foster care.

The children were evaluated while they were in foster care. The oldest of the three children suffered from extensive developmental delays in speech, verbal comprehension, and verbal reasoning. This child received rehabilitative services while in foster care.

At the end of June, mother and father were involved in another fight. On July 5, 2016, mother separated from father. She stayed at a domestic violence shelter until mid-September, 2016, and then moved in with her former foster mother. While at the domestic violence shelter, mother participated in group and individual domestic violence counseling.

The Department provided mother with substance abuse counseling, including individual and group sessions. Mother started the substance abuse counseling in August 2016. At the time of the circuit court hearing in February 2017, mother had completed two out of three modules in the group counseling program and was expected to finish the third module on February 22, 2017. As part of the substance abuse counseling, mother took random drug tests, all of which were negative.

The Department also arranged for supervised visitation between mother and the children. Mother regularly visited with the children. The Department further provided mother with intensive parenting classes that she participated in from the end of May 2016 until the beginning of January 2017. The counselor worked with mother on safety planning, nurturing parenting, bonding, developmental stages, healthy eating, and the children's needs. Mother completed the classes, but

the counselor did not think that, at the time of the circuit court hearing, mother was prepared to take the children that day. The counselor opined that mother would need another three to six months to transition to having one or more of the children.

On September 15, 2016, the JDR court entered an order relieving the Department from providing reunification services to mother because her parental rights to another child had been terminated. On October 6, 2016, the JDR court terminated mother's parental rights and approved the goals of adoption for her three youngest children.[2]

On February 1, 2017, the parties appeared before the circuit court. Mother testified that she was employed full-time as a cook. She worked thirty-five to forty hours per week, from 4:00 p.m. to 11:00 p.m., and earned approximately $13 per hour. She acknowledged that her work hours could be problematic and was willing to change her schedule or job, if necessary. She compiled a list of possible babysitters, but did not have a plan for child care. She testified that she had "looked into" housing, but had not obtained housing for herself and the children. Mother further explained that she bought a car, but it needed repairs and was not operable. She had not purchased car seats for the children. After hearing all of the evidence and argument, the circuit court found that it was in the children's best interests to terminate mother's parental rights to her children pursuant to Code § 16.1-283(E)(i).[3] This appeal followed.

---

[2] The JDR court also terminated father's parental rights. Father appealed the JDR court ruling to the circuit court. However, he did not appear at the circuit court hearing, so the circuit court dismissed his appeal.

[3] Code § 16.1-283(E)(i) states:

> The residual parental rights of a parent or parents of a child who is
> in the custody of a local board or licensed child-placing agency
> may be terminated by the court if the court finds, based upon clear
> and convincing evidence, that it is in the best interests of the child

ANALYSIS

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citation omitted). When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Mother argues that the evidence proved that it was in the children's best interests to be reunited with mother. She emphasizes that she separated from father, who was abusive. She addressed her substance abuse issues, and all of her drug tests were negative. She participated in counseling and parenting classes. She asserts that her "relationship with her children is caring, nurturing, and very good."

However, as mother readily acknowledges, she does not have housing or child care for the children. She testified that she had not applied for housing at the time of the circuit court hearing and did not have any specific plans for housing. Mother testified that she worked nights, but might try to change her hours or find a different job with daytime hours. She also looked online for possible daycare providers, but had not contacted any of them at the time of the circuit court hearing. Mother could not articulate any definite plans she had for the children's housing or child care.

---

and that . . . the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily terminated . . . .

After the JDR court entered the order pursuant to Code § 16.1-281(B),[4] the Department was no longer required to provide reunification services for mother. The court previously had terminated mother's parental rights to her oldest child. Mother had received services prior to the termination of her parental rights to that child. Then, mother received numerous services with respect to these three children. Despite the services offered to mother, she was unable to meet the needs of the children and substantially remedy the situation that led to the children being placed in and remain in foster care. One of mother's counselors even testified that mother was not prepared to take the children and would need more time.

"It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax Cty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990).

Mother's parental rights to her oldest child were involuntarily terminated. Contrary to mother's arguments, the circuit court did not err in terminating her parental rights to her three children who are the subject of this appeal. The Department proved that it was in the children's best interests to terminate mother's parental rights.

CONCLUSION

For the foregoing reasons, the circuit court's ruling is affirmed.

Affirmed.

---

[4] Code § 16.1-281(B) states, in pertinent part:

> The local board or other child welfare agency having custody of the child shall not be required by the court to make reasonable efforts to reunite the child with a parent if the court finds that . . . the residual parental rights of the parent regarding a sibling of the child have previously been involuntarily terminated . . . .